**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darin Hookom, et al., | No. CV-24-00524-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| Chandler Unified School District, et al., | |
| Defendants. | |

Before the Court is Defendants Chandler Unified School District, Jayson Phillips, Ryan Ridenour, Jeff Filloon, Shelamae Woodworth, Camille Casteel, Craig Gilbert, and Elizabeth Glascom's Motion to Dismiss Count IX with prejudice. (Doc. 31). Defendants Patrick and Diane Power, through undersigned counsel, join in the Motion to Dismiss Count IX.[1] (Doc. 33). This Motion is fully briefed. (Docs. 31, 40, 41). The Court rules as follows.

**I.    BACKGROUND**

On March 12, 2024, Plaintiffs Darin and Karen Hookom filed this action against Defendants on behalf of their minor daughter, R.H. ("Plaintiff RH"). (Doc. 1). Plaintiffs allege that from December 2020 through January 2021, Plaintiff RH was a victim of sexual, physical, and emotional abuse by Defendant Patrick Power. (Doc. 30 at 10, ¶ 28). During

---

[1] On August 2, 2024, Defendants' counsel filed a Notice of Death (Doc. 42) informing the Court that Defendant Diane Power has passed away, however, a Motion for Substitution is yet to be filed. (*See* Doc. 44).

the time of the abuse, Plaintiff RH was a student at Casteel High School. (Doc. 30 at 10, ¶ 28). On February 9, 2021, Plaintiff RH informed her parents about the abuse and Plaintiffs advised the school of the situation that same day. (Doc. 30 at 10, ¶ 29). However, Plaintiffs claim that on or about June 25, 2021, they learned that Defendants did not report the abuse to law enforcement. (Doc. 30 at 15, ¶ 42).

On May 23, 2024, Plaintiffs filed their First Amended Complaint ("FAC"). (Doc. 30). Plaintiff's FAC alleges several claims under state and federal law, including Count IX, Common Law Loss of Consortium. (Doc. 30). Count IX is the only claim asserted by Plaintiffs Darin and Karen Hookom. (Doc. 30 at 39). On June 3, 2024, Defendants moved to dismiss Count IX with prejudice as to Plaintiffs Darin and Karen Hookom. (Doc. 31 and 33). For the following reasons, Defendants' Motion is granted.

## II.  LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference" that the moving party is liable. *Id.* Factual allegations in the complaint should be assumed true, and a court should then "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Facts should be viewed "in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013).

## III.  DISCUSSION

Pursuant to A.R.S. § 12-821.01(A), any party with a claim against a public school or a public employee must file a notice-of-claim with the public school or public employee within 180 days after the cause of action accrues. Similarly, A.R.S. § 12-821 provides that parties must bring all actions against public entities and public employees within one year after the cause of action accrues. For the purpose of both statutes, "a cause of action accrues when the damaged party realizes he or she has been damaged and knows or reasonably

should know the cause, source, act, event, instrumentality or condition that caused or contributed to the damage." A.R.S. § 12-821.01(B). Plaintiff "need not know all the facts underlying a cause of action" because accrual is triggered when Plaintiff possesses at least a "minimum requisite of knowledge sufficient to identify that a wrong occurred and caused injury." *Cruz v. City of Tucson*, 401 P.3d 1018, 1021 (Ariz. Ct. App. 2017) (quoting *Doe v. Roe*, 955 P.2d 951, 961 (Ariz. 1998)). Generally, determining whether an action has accrued is a question of fact, however, "[a]ccrual can be decided as a matter of law when 'there is no genuine dispute as to facts showing the plaintiff knew or should have known the basis for the claim.'" *Strojnik v. State ex rel. Brnovich*, No. 1 CA-CV 20-0423, 2021 WL 3051887, at *3 (Ariz. Ct. App. July 20, 2021) (quoting *Humphrey v. State*, 466 P.3d 368, 375 ¶ 25 (Ariz. Ct. App. 2020)).

Section 12-821.01(C) creates an exception that tolls the time to bring forward a claim. Pursuant to A.R.S. § 12-821.01(C), "any claim that *must* be submitted to a binding or nonbinding dispute resolution process or an administrative claims process or review process pursuant to a statute, ordinance, resolution, administrative or governmental rule or regulation or contractual term shall not accrue for the purposes of this section until all such procedures, processes, or remedies have been exhausted." A.R.S. § 12–821.01(C) (emphasis added). Thus, A.R.S. § 12-821.01(C) only tolls the limitations period during the mandatory exhaustion of administrative remedies. *See Kosman v. State*, 16 P.3d 211, 213 (Ariz. Ct. App. 2000).

In the instant case, Defendants argue that any claims raised by Plaintiffs Darin and Karen Hookom's should be dismissed under A.R.S. § 12-821 as untimely. (Doc. 31 at 1). It is undisputed that Plaintiffs Darin and Karen Hookom learned about Plaintiff RH's abuse on February 9, 2021. It is also undisputed that on or about June 25, 2021, Plaintiffs learned that Defendants had not reported the abuse to law enforcement. Therefore, Defendant argues that Plaintiffs Darin and Karen Hookom's claims should be time barred because their initial complaint was not filed within the one-year statute of limitation period. In response, Plaintiffs argue that the statute of limitations was tolled under § 12-821.01(C)

because Plaintiffs pursued multiple administrative or governmental claims. However, Plaintiffs do not provide citations to any legal authority requiring them to pursue those administrative or governmental claims prior to filing suit. As such, the Court finds that § 12-821.01(C) is not applicable in this case.

Additionally, Plaintiffs argue that Defendants' Motion should be denied because Defendants are advocating for a "piecemeal litigation" which would have required Plaintiffs Darin and Karen Hookom to file suit earlier than Plaintiff RH. (Doc. 40 at 5). The Court rejects this argument. Section 12-821.01(D) tolls the limitation period for a minor until 180 days after the minor turns 18—this exception does not apply to the minor's parents. *See Porter v. Triad of Arizona (L.P.)*, 203 Ariz. 230, 234, 52 P.3d 799, 803 (Ct. App. 2002) ("the tolling statute was for the exclusive benefit of the minor child and did not toll the parents' claim because, as persons with capacity to sue, they could have prosecuted their causes of action during the shortened time" (citation and quotation omitted)); *see McQuarrie v. Dep't of Econ. Sec.*, No. CV09-1222-PHX-MHB, 2010 WL 11627816, at *2 (D. Ariz. Jan. 22, 2010) ("Thus, any claim related to that initial alienation of the parents from their minor children is clearly barred by the statute of limitations."). However, Count IX will not be dismissed as to the claim Plaintiffs assert on Plaintiff RH's behalf. *See McQuarrie*, 2010 WL 11627816, at *3 (dismissing the parent's individual claims as timely and not the claims brought on behalf of their minor child).

Accordingly,

**IT IS THEREFORE ORDERED** that Motion to Dismiss Count IX (Doc. 31) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiffs Darin and Karen Hookom's claims under Count IX are **dismissed**.

Dated this 14th day of August, 2024.

Honorable Steven P. Logan
United States District Judge