David K. Pauole (021965)
WRIGHT WELKER & PAUOLE PLC
10429 South 51st Street, Suite 285
Phoenix, AZ 85044
(480) 961-0040
dpauole@wwpfirm.com
Attorneys for Defendants Chandler Unified School District,
 Jayson Phillips, Ryan Ridenour, Jeff Filloon, Shelamae Woodworth,
 Camille Casteel, Craig Gilbert, and Elizabeth Glascom

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RH (minor), Darin Hookom, and Karen Hookom, daughter, father, and mother, | No. CV-24-00524-PHX-SPL |
| Plaintiffs, | **ANSWER** |
| v. | |
| Chandler Unified School District, et al., | (Assigned to the Honorable Steven P. Logan) |
| Defendants. | |

Defendants Chandler Unified School District (District), Jayson Phillips, Ryan Ridenour, Jeff Filloon, Shelamae Woodworth, Camille Casteel, Craig Gilbert, and Elizabeth Glascom—for their answer to plaintiffs' first-amended complaint—admit, deny, and allege as follows:

### I.

Defendants deny the allegations of paragraphs 1 and 2.

. . .

. . .

Wright Welker & Pauole, PLC
10429 South 51st Street, Suite 285
Phoenix, Arizona 85044
(480) 961-0040

## II.

In response to paragraphs 3 and 4, defendants admit that jurisdiction and venue are proper while reserving the right to argue that the Court should decline to exercise jurisdiction should plaintiffs' federal claims be dismissed before trial.

## III.

In response to paragraphs 5 through 7, defendants admit that RH is a minor. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

## IV.

In response to paragraph 8, defendants admit that the District is a political subdivision located in Maricopa County, that it administers public schools, and that it acts through its employees and agents. Defendants deny the remaining allegations.

## V.

In response to paragraph 9, defendants admit that the District is an employer in an industry effecting commerce and that it receives federal funding. Defendants deny the remaining allegations.

## VI.

In response to paragraph 10, defendants admit that Power was a District employee. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

. . .

VII.

In response to paragraph 11, defendants admit that Phillips is a resident of Maricopa County, a District employee, and high school principal. Defendants deny the remaining allegations.

VIII.

In response to paragraph 12, defendants admit that Ridenour is a resident of Maricopa County, a District employee, and the high school assistant principal and athletic director. Defendants deny the remaining allegations.

IX.

In response to paragraph 13, defendants admit that Filloon is a resident of Maricopa County, a District employee, and director of human resources. Defendants deny the remaining allegations.

X.

In response to paragraph 14, defendants admit that Woodworth is a resident of Maricopa County, a District employee, and high school assistant principal. Defendants deny the remaining allegations.

XI.

In response to paragraph 15, defendants admit that Casteel is a resident of Maricopa County, a former District employee, and the former superintendent. Defendants deny the remaining allegations.

. . .

**XII.**

In response to paragraph 16, defendants admit that Gilbert is a resident of Maricopa County, a District employee, and assistant superintendent. Defendants deny the remaining allegations.

**XIII.**

In response to paragraph 17, defendants admit that Glascom is a resident of Maricopa County, a District employee, and high school counselor. Defendants deny the remaining allegations.

**XIV.**

Paragraph 18 does not make any allegation. Alternatively, defendants deny all allegations.

**XV.**

Defendants deny the allegations of paragraph 19.

**XVI.**

In response to paragraph 20, defendants admit that Phillips, Ridenour, Woodworth, and Glascom were acting under color of law and within the scope of their District employment. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

**XVII.**

Defendants admit the allegations of paragraph 21.

. . .

XVIII.

In response to paragraph 22, defendants admit that the District maintains policies and procedures governing the conduct of its employees and hires, trains, and supervises its employees. Defendants deny the remaining allegations.

XIX.

Defendants deny the allegations of paragraph 23.

XX.

In response to paragraphs 24 through 26, defendants admit that the District maintains policies and procedures governing the conduct of its employees and hires, trains, and supervises its employees. Defendants deny the remaining allegations.

XXI.

In response to paragraph 27, defendants admit that they have a duty of reasonable care to students within their custody and control. Defendants deny the remaining allegations.

XXII.

In response to paragraph 28, defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

XXIII.

In response to paragraph 29, defendants admit that RH provided a statement in which she alleged Power had lifted her by her hips onto a table. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations

regarding RH's interactions with her mom or what she witnessed. Defendants deny the remaining allegations.

XXIV.

Defendants deny the allegations of paragraph 30.

XXV.

In response to paragraph 31, defendants admit that RH and others were allowed to move out of Power's class. Defendants deny the remaining allegations.

XXVI.

Defendants deny the allegations of paragraphs 32 and 33.

XXVII.

Defendants deny the allegations of paragraph 34 while alleging that they received no prior complaint against Power.

XXVIII.

Defendants deny the allegations of paragraph 35 through 38.

XXIX.

In response to paragraph 39, defendants admit that Power resigned in March 2021. Defendants deny the remaining allegations.

XXX.

Defendants deny the allegations of paragraphs 40 and 41.

. . .

. . .

### XXXI.

In response to paragraph 42, defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding RH's law enforcement interview. Defendants deny the remaining allegations.

### XXXII.

Defendants deny the allegations of paragraph 43.

### XXXIII.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 44 through 46.

### XXXIV.

Defendants deny the allegations of paragraphs 47 through 50.

### XXXV.

In response to paragraph 51, defendants admit that the District maintains policies and procedures governing the conduct of its employees and hires, trains, and supervises its employees. Defendants deny the remaining allegations.

### XXXVI.

Defendants deny the allegations of paragraphs 52 through 58.

### **Count I—Due Process**

### XXXVII.

In response to paragraph 59, defendants incorporate all prior admissions, denials, and allegations.

XXXVIII.

Defendants deny the allegations of paragraphs 60 through 70.

**Count II—Municipal Liability**

XXXIX.

In response to paragraph 71, defendants incorporate all prior admissions, denials, and allegations.

XL.

Defendants deny the allegations of paragraphs 72 through 81.

**Count III—Title IX**

XLI.

In response to paragraph 82, defendants incorporate all prior admissions, denials, and allegations.

XLII.

In response to paragraph 83, defendants admit that the District is a recipient of federal funding. Defendants deny the remaining allegations.

XLIII.

Defendants deny the allegations of paragraphs 84 and 85.

**Count IV—Conspiracy**

XLIV.

In response to paragraph 86, defendants incorporate all prior admissions, denials, and allegations.

XLV.

Defendants deny the allegations of paragraphs 87 through 99.

**Count V—Failure to Protect**

XLVI.

In response to paragraph 100, defendants incorporate all prior admissions, denials, and allegations.

XLVII.

Defendants deny the allegations of paragraphs 101 through 106.

**Count VI—Respondeat Superior**

XLVIII.

In response to paragraph 107, defendants incorporate all prior admissions, denials, and allegations.

XLIX.

Defendants deny the allegations of paragraphs 108 through 112.

**Count VII—Assault and Battery**

L.

In response to paragraph 113, defendants incorporate all prior admissions, denials, and allegations.

LI.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 114 through 116.

**Count VIII—Intentional Infliction**

### LII.

In response to paragraph 117, defendants incorporate all prior admissions, denials, and allegations.

### LIII.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 118 through 123.

**Count IX—Loss of Consortium**

### LIV.

In response to paragraph 124, defendants incorporate all prior admissions, denials, and allegations.

### LV.

In response to paragraphs 125 through 127, the Court has already dismissed the parents' claim for loss of consortium. Moreover, defendants deny these allegations.

**Count X—A.R.S. § 13-3620**

### LVI.

In response to paragraph 128, defendants incorporate all prior admissions, denials, and allegations.

### LVII.

Defendants deny the allegations of paragraphs 129 through 135.

. . .

## DEFENSES, DENIALS, AND ALLEGATIONS APPLICABLE TO EACH AND EVERY CLAIM FOR RELIEF

### LVIII.

Defendants deny every complaint allegation not expressly admitted above.

### LIX.

Defendants allege plaintiffs' failure to timely and properly comply with A.R.S. § 12-821.01 and § 12-821.

### LX.

Defendants reserve the right to allege the fault of any party and non-party.

### LXI.

The individual defendants assert their qualified immunity from suit.

### LXII.

Defendants have not yet had a reasonable opportunity to complete discovery. Because of the possibility that facts and circumstances may be discovered later, which may substantiate one or more of the following affirmative defenses, defendants reserve the right in accordance with Rules 8 and 12, to allege the following: failure to state a claim upon which relief can be granted, failure to join a person needed for just adjudication, contributory negligence, estoppel, laches, license, payment, release, res judicata, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense, including A.R.S. §§ 12-820 *et seq.*

WHEREFORE, having fully defended, defendants respectfully request that plaintiffs' complaint and all causes of action therein be dismissed and that plaintiffs take

nothing thereby. Defendants further request an award for their costs of suit and attorneys' fees, if appropriate, and for all such other relief that the Court deems just and proper.

DATED this 26th day of August, 2024.

WRIGHT WELKER & PAUOLE PLC

By____/s/ David K. Pauole_____
    David K. Pauole
    10429 South 51st Street, Suite 285
    Phoenix, AZ  85044
    Attorneys for Defendants Chandler Unified
     School District, Jayson Phillips, Ryan
     Ridenour, Jeff Filloon, Shelamae Woodworth,
     Camille Casteel, Craig Gilbert, and Elizabeth
     Glascom

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing.

COPIES mailed to:

The Honorable Steven P. Logan
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 521
401 West Washington Street, SPC 82
Phoenix, AZ  85003

____/s/ Cindy M. Opsahl_____
6927-1721