Ed Hendricks, Jr., State Bar No. 016539
Brendan Murphy, State Bar No. 021947
HENDRICKS MURPHY, PLLC
1440 E. Missouri Avenue, Suite C-225
Phoenix, Arizona 85014
(602) 604-2132
(602) 604-2104
ed@hendricksmurphy.com
brendan@hendricksmurphy.com
Attorneys for Defendants Patrick
and Diane Power (deceased)

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RH (minor), Darin Hookom, Karen Hookom, daughter, father, and mother,<br><br>Plaintiffs,<br><br>vs.<br><br>Chandler Unified School District, *et al.*<br><br>Defendants. | NO. 2:24-cv-00524-SPL<br><br>**POWER DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT [Doc. 30]** |

For their answer to Plaintiff's First Amended Complaint [Doc. 30], Defendant Patrick Power ("Power"), on behalf of himself and on behalf of his deceased wife, Defendant Diane Power,[1] admits, denies, and alleges as follows:

## JURISDICTION AND VENUE

1. Power denies the allegations contained in paragraph 1 to the extent that those allegations indicate any wrongdoing on the part of Defendant Power.

2. Power denies the allegations contained in paragraph 2 to the extent that those allegations indicate any wrongdoing on the part of Defendant Power.

---

[1] On August 2, 2024, Power filed a Notice of Death [Doc. 42] of his wife, Diane Power. On August 5, 2024, the Court issued an Order [Doc. 44] requiring the parties to file a status report advising the Court whether, in light of Defendant Diane Power's passing, the claims against her should be dismissed.

3. In response to paragraph 3, Power admits that jurisdiction is proper, however, affirmatively alleges that he reserves his right to argue that the Court may decline to exercise jurisdiction if Plaintiffs' federal claims are dismissed.

4. In response to paragraph 4, Power admits that venue is proper, however, affirmatively alleges that he reserves his right to argue that the Court may decline to exercise jurisdiction if Plaintiffs' federal claims are dismissed rendering venue inappropriate in federal court.

5. In response paragraph 5, Power admits only that RH is a minor and that he lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and therefore denies the same.

6. In response paragraph 6, Power lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

7. In response paragraph 7, Power lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

8. In response paragraph 8, Power admits that the School District and Casteel High School are located in Maricopa County, Arizona and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and therefore denies the same.

9. In response paragraph 9, Power lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

10. In response to paragraph 10, Power admits only that he is a resident of Maricopa County, Arizona and that he was a teacher at Casteel High School and an employee of the District during a portion of the relevant time period, and affirmatively alleges that Power retired as a teacher in March 2021. Power denies the remaining allegations contained in Paragraph 10.

11. In response paragraph 11, Power lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

12. In response paragraph 12, Power lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

13. In response paragraph 13, Power lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

14. In response paragraph 14, Power lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

15. In response paragraph 15, Power lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

16. In response paragraph 16, Power lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

17. In response paragraph 17, Power lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

18. Paragraph 18 does not allege facts requiring a response. To the extent Paragraph 18 alleges facts requiring a response, paragraph 18 is denied.

19. Power denies the allegations contained in paragraph 19.

20. In response paragraph 20, Power admits only that he was acting under color of law and within the scope of his employment with the District during a portion of the relevant time period. Power affirmatively alleges that he retired in March 2021. Power lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and therefore denies the same.

21. In response paragraph 21, Power lacks knowledge or information sufficient to form a belief about the truth of the allegations.

22. Power denies the allegations contained in paragraph 22 to the extent that those allegations indicate any wrongdoing on the part of Power and lacks knowledge or information sufficient to form a belief about the truth of the allegations, which are general and vague.

23. Power denies any allegations contained in paragraph 23 to the extent that those allegations indicate any wrongdoing on the part of Power. Power lacks knowledge or information sufficient to form a belief about the truth of the allegations.

24. Power denies any allegations contained in paragraph 24 to the extent that those allegations indicate any wrongdoing on the part of Power and lacks knowledge or information sufficient to form a belief about the truth of the allegations.

25. Power denies any allegations contained in paragraph 25 to the extent that those allegations indicate any wrongdoing on the part of Power and lacks knowledge or information sufficient to form a belief about the truth of the allegations.

26. In response paragraph 26, Power lacks knowledge or information sufficient to form a belief about the truth of the allegations.

27. In response to paragraph 27, Power admits only that he has a duty to protect students from unreasonable harm within his custody and control and while working at school, and denies the remaining allegations contained in paragraph 27.

28. Power denies the allegations contained in paragraph 28.

29. In response to sentences 1-4 in paragraph 29, Power lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same. In response to sentences 5 and 6 in paragraph 29, Power denies he engaged in improper or illegal conduct and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in sentences 5 and 6 of paragraph 29. In response to sentence 7 of paragraph 29, Power admits only that RH provided a statement in which she alleged Power had lifted her by her waist onto a table but denies the allegation in the statement and any allegations in sentence 7 of paragraph 29 to the extent that those allegations indicate any wrongdoing on the part of Power. In response to sentence 8 of paragraph 29, Power denies the allegations.

In response to sentence 9 of paragraph 29, Power denies the allegations. In response to sentence 10 in paragraph 29, Power lacks knowledge or information sufficient to form a belief about the truth of the allegations.

30. In response to paragraph 30, Power denies any allegations to the extent that those allegations indicate any wrongdoing on the part of Power and Power lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 30.

31. Power denies any allegation contained in paragraph 31 to the extent that those allegations indicate any wrongdoing on the part of Power and specifically denies the remaining allegations contained in paragraph 31.

32. In response paragraph 32, Power lacks knowledge or information sufficient to form a belief about the truth of the allegations.

33. In response paragraph 33, Power denies the allegation that "[h]e touches RH's legs weekly and denies the allegation that "[h]e does it to everyone" and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

34. Power denies the allegations contained in paragraph 34 of the complaint.

35. In response to paragraph 35, Power denies the allegation that he engaged in "sexual misconduct" and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

36. Power lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36.

37. Power lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37.

38. Power denies the allegations contained in paragraph 38.

39. Power denies he resigned and affirmatively alleges that he retired in March 2021 and denies the remaining allegations contained in paragraph 39.

40. Power denies the allegations contained in paragraph 40 to the extent that those allegations indicate any wrongdoing on the part of Power and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

41. Power denies the allegations contained in paragraph 41 to the extent that those allegations indicate any wrongdoing on the part of Power and lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41.

42. Power lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42.

43. Power denies the allegations contained in paragraph 43.

44. Power denies the allegations contained in paragraph 44.

45. Power denies the allegations contained in paragraph 45.

46. Power denies the allegations contained in paragraph 46 to the extent that those allegations indicate any wrongdoing on the part of Power. Power admits only that he was a teacher during a portion of the relevant time period until retiring in March 2021. Power further admits only that during the relevant time period that he was a teacher at the high school, Jayson Phillips was a principal, Ryan Ridenour was an assistant principal, Shelamae Woodwork was an assistant principal, and Jeff Filloon was a director of human resources. Power lacks knowledge or information regarding the remaining allegations contained in paragraph 46 and therefore denies the same.

47. Power denies the allegations contained in paragraph 47.

48. Power denies the allegations contained in paragraph 48.

49. Power denies the allegations contained in paragraph 49.

50. Power denies the allegations contained in paragraph 50.

51. Power denies the allegations contained in paragraph 51 to the extent that those allegations indicate any wrongdoing on the part of Power, and Power lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 51.

52. Power denies the allegations contained in paragraph 52.
53. Power denies the allegations contained in paragraph 53.
54. Power denies the allegations contained in paragraph 54.
55. Power denies the allegations contained in paragraph 55.
56. Power denies the allegations contained in paragraph 56.
57. Power denies the allegations contained in paragraph 57.
58. Power denies the allegations contained in paragraph 58.

**COUNT I: Due Process**

59. In response to paragraph 59, Power incorporates all prior admissions, denials, and allegations.
60. Power denies the allegations contained in paragraph 60.
61. Power denies the allegations contained in paragraph 61.
62. Power denies the allegations contained in paragraph 62.
63. Power denies the allegations contained in paragraph 63.
64. Power denies the allegations contained in paragraph 64.
65. Power denies the allegations contained in paragraph 65.
66. Power denies the allegations contained in paragraph 66.
67. Power denies the allegations contained in paragraph 67.
68. Power denies the allegations contained in paragraph 68.
69. Power denies the allegations contained in paragraph 69.
70. Power denies the allegations contained in paragraph 70.

**COUNT II: Municipal Liability**

71. In response to paragraph 71, Power incorporates all prior admissions, denials, and allegations.
72. Power denies the allegations contained in paragraph 72.
73. Power denies the allegations contained in paragraph 73
74. Power denies the allegations contained in paragraph 74.
75. Power denies the allegations contained in paragraph 75.
76. Power denies the allegations contained in paragraph 76.

77. Power denies the allegations contained in paragraph 77.

78. Power denies the allegations contained in paragraph 78.

79. Power denies the allegations contained in paragraph 79.

80. Power denies the allegations contained in paragraph 80.

81. Power denies the allegations contained in paragraph 81.

### Count III: Title IX

82. In response to paragraph 82, Power incorporates all prior admissions, denials, and allegations.

83. Power lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 83.

84. Power denies the allegations contained in paragraph 84.

85. Power denies the allegations contained in paragraph 85.

### Count IV: Conspiracy

86. In response to paragraph 86, Power incorporates all prior admissions, denials, and allegations.

87. Power denies the allegations contained in paragraph 87.

88. Power denies the allegations contained in paragraph 88.

89. Power denies the allegations contained in paragraph 89.

90. Power denies the allegations contained in paragraph 90

91. Power denies the allegations contained in paragraph 91.

92. Power denies the allegations contained in paragraph 92.

93. Power denies the allegations contained in paragraph 93.

94. Power denies the allegations contained in paragraph 94.

95. Power denies the allegations contained in paragraph 95.

96. Power denies the allegations contained in paragraph 96.

97. Power denies the allegations contained in paragraph 97.

98. Power denies the allegations contained in paragraph 98.

99. Power denies the allegations contained in paragraph 99.

### COUNT V: Common Law Failure to Protect

100. In response to paragraph 100, Power incorporates all prior admissions, denials, and allegations.

101. Power denies the allegations contained in paragraph 101.

102. Power denies the allegations contained in paragraph 102.

103. Power denies the allegations contained in paragraph 103.

104. Power denies the allegations contained in paragraph 104.

105. Power denies the allegations contained in paragraph 105.

106. Power denies the allegations contained in paragraph 106.

### Count VI: Respondeat Superior Liability

107. In response to paragraph 107, Power incorporates all prior admissions, denials, and allegations.

108. Power denies the allegations contained in paragraph 108.

109. Power denies the allegations contained in paragraph 109.

110. Power denies the allegations contained in paragraph 110.

111. Power denies the allegations contained in paragraph 111.

112. Power denies the allegations contained in paragraph 112.

### COUNT VII: Common Law Battery

113. In response to paragraph 113, Power incorporates all prior admissions, denials, and allegations.

114. Power denies the allegations contained in paragraph 114.

115. Power denies the allegations contained in paragraph 115.

116. Power denies the allegations contained in paragraph 116.

### Count VIII: Common Law Intentional Infliction of Emotional Distress

117. In response to paragraph 117, Power incorporates all prior admissions, denials, and allegations.

118. Power denies the allegations contained in paragraph 118.

119. Power denies the allegations contained in Paragraph 119.

120. Power denies the allegations contained in Paragraph 120.

121. Power denies the allegations contained in Paragraph 121.

122. Power denies the allegations contained in Paragraph 122.

123. Power denies the allegations contained in Paragraph 123.

### Count IX:  Common Law Loss of Consortium

124. In response to paragraph 124, Power incorporates all prior admissions, denials, and allegations.

125. The Court has dismissed the parents' claim for loss of consortium. Moreover, Power denies the allegations contained in Paragraph 125.

126. The Court has dismissed the parents' claim for loss of consortium. Moreover, Power denies the allegations contained in Paragraph 126.

127. The Court has dismissed the parents' claim for loss of consortium. Moreover, Power denies the allegations contained in Paragraph 127.

### Count X:  Failure to Report; Negligence Per Se

128. In response to paragraph 128, Power incorporates all prior admissions, denials, and allegations.

129. Power denies the allegations contained in Paragraph 129.

130. Power denies the allegations contained in Paragraph 130.

131. Power denies the allegations contained in Paragraph 131.

132. Power denies the allegations contained in Paragraph 132.

133. Power denies the allegations contained in Paragraph 133.

134. Power denies the allegations contained in Paragraph 134.

135. Power denies the allegations contained in Paragraph 135.

### GENERAL DENIAL

136. Power denies every allegation contained in the complaint not expressly admitted above.

### AFFIRMATIVE DEFENSES

137. Power affirmatively alleges plaintiffs failed to timely and properly comply with A.R.S. § 12-821.01 and A.R.S. § 12-821.

138. Power reserves the right to allege the fault of any party or non-party.

139. Power asserts his qualified immunity from suit.

140. Defendants have not yet had a reasonable opportunity to complete discovery. Because of the possibility that facts and circumstances may be discovered later, which may substantiate one or more of the following affirmative defenses, Power reserves the right in accordance with Rules 8 and 12 to allege the following affirmative defenses: failure to state a claim upon which relief can be granted, failure to join a person needed for just adjudication, contributory negligence, estoppel, laches, license, payment, release, res judicata, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense, including A.R.S. §§ 12-820 *et seq*.

WHEREFORE, having fully defended, Power respectfully requests that Plaintiffs' First Amended Complaint and the causes of action therein be dismissed, and that Plaintiffs take nothing thereby. Power further requests an award for his costs of the suit and attorneys' fees, pursuant to 42 U.S.C.A. § 1988, federal and state law, if appropriate, and for all such other relief that the Court deems just and proper.

**JURY TRIAL DEMANDED**

DATED this 27th day of August, 2024.

**HENDRICKS MURPHY, PLLC**

By: */s/ Brendan Murphy*
    Ed Hendricks, Jr.
    Brendan Murphy
    1440 E. Missouri Ave., #C-225
    Phoenix, Arizona 85014
    Attorneys for Defendants
    Patrick and Diane Power
    (deceased)

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2024, I electronically transmitted the foregoing document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

<u>/s/ Brendan Murphy</u>