**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darin Hookom, et al., | No. CV-24-00524-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| Chandler Unified School District, et al., | |
| Defendants. | |

Before the Court is Defendants' Motion for Mental Examination of Plaintiff RH (Doc. 70) and subsequent Request for Summary Adjudication (Doc. 72). Plaintiffs did not respond to the Motion. For the following reasons, the Court grants Defendants' Motion.

### I.   BACKGROUND

On March 12, 2024, Plaintiffs Darin and Karen Hookom filed this action against Defendants on behalf of their minor daughter, R.H. ("Plaintiff RH"). (Doc. 1). Plaintiffs allege that from December 2020 through January 2021, Plaintiff RH was a victim of sexual, physical, and emotional abuse by Defendant Patrick Power. (Doc. 30 at 10). During the time of the abuse, Plaintiff RH was a student at Casteel High School. (*Id.*). On February 9, 2021, Plaintiff RH informed her parents about the abuse and Plaintiffs advised the school of the situation that same day. (*Id.*). However, Plaintiffs claim that on or about June 25, 2021, they learned that Defendants did not report the abuse to law enforcement. (*Id.* at 15).

On May 23, 2024, Plaintiffs filed their First Amended Complaint ("FAC"). (Doc. 30). Plaintiff's FAC alleges several claims under state and federal law, including Count

VIII: Common Law Intentional Infliction of Emotional Distress, against Defendant Power. (Doc. 30). Additionally, Plaintiffs assert that Plaintiff RH has suffered various injuries and damages from Defendants' alleged conduct, including (1) "severe emotional distress, shock, horror, fright, and psychological trauma," (2) "physical manifestations of the emotional distress that she has suffered, including but not limited to, PTSD, anxiety and suicidal ideation," and (3) "economic damages related to any and all medical, legal, and/or other consequential costs."(*Id.* at 24). On April 30, 2025, Defendants filed the present Motion for Mental Examination requesting the Court order Plaintiff RH to submit to a mental examination by a licensed psychologist pursuant to Fed. R. Civ. P. ("Rule") 35(a). (Doc. 70). After Plaintiffs failed to timely respond, Defendants filed a Motion for Summary Adjudication requesting the Court summarily grant the motion pursuant to LRCiv 7.2(i). (Doc. 72).

## II. LEGAL STANDARD

Rule 35 provides that a court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). "The order: (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2). In *Schlagenhauf*, the Supreme Court set forth standards for compelling a Rule 35 examination. *See Schlagenhauf v. Holder*, 379 U.S. 104 (1964). "The *Schlagenhauf* Court explained that Rule 35's 'in controversy' and 'good cause' requirements are not met by 'mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination.'" *Flack v. Nutribullet, L.L.C.*, 333 F.R.D. 508, 513 (C.D. Cal. 2019) (quoting *Schlagenhauf*, 379 U.S. at 118). "However, the *Schlagenhauf* Court further explained that 'there are situations where the pleadings alone are sufficient to meet these requirements.'"

*Id.* (quoting *Schlagenhauf*, 379 U.S. at 119). "For example, a plaintiff 'who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury.'" *Id.* (quoting *Schlagenhauf*, 379 U.S. at 119).

Courts generally hold that "garden variety" emotional distress claims "are *not* sufficient to place a party's mental state 'in controversy.'" *Alvarado v. Nw. Fire Dist.*, No. CIV 19-198-TUC-CKJ, 2020 WL 2199240, at *3 (D. Ariz. May 6, 2020) (citing *Banga v. Kanios*, No. 16-CV-04270-RS (DMR), 2020 WL 1905557, at *1–2 (N.D. Cal. Apr. 16, 2020)) (emphasis added). "Generally, 'garden variety emotional distress' has been defined as 'ordinary or commonplace emotional distress' or that which is 'simple or usual.'" *Id.* (quoting *Fitzgerald v. Cassil*, 216 F.R.D. 632, 637 (N.D. Cal. 2003)). "However, a claim of emotional distress may sufficiently place a plaintiff's mental state 'in controversy' for purposes of Rule 35 where it is accompanied by one or more of the following: '(1) a cause of action for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; (4) plaintiff's offer of expert testimony to support a claim of emotional distress; or (5) plaintiff's concession that his or her mental condition is in controversy.'" *Id.* (quoting *Turner v. Imperial Stores*, 161 F.R.D. 89, 95 (S.D. Cal. 1995)); *see also Snipes v. United States*, 334 F.R.D. 667, 669 (N.D. Cal. 2020) (referencing *Turner* factors); *Hardin v. Mendocino Coast Dist. Hosp.*, No. 17-cv-05554-JST (TSH), 2019 WL 1493354, at *1 (N.D. Cal. Apr. 4, 2019) (citation omitted) ("By contrast [to when one or more of the *Turner* factors is present], a mental condition is not 'in controversy' when a plaintiff alleges garden variety emotional distress, such as alleging that she suffered emotional distress as a result of employment discrimination. . . . Suffering a legal wrong is often emotionally distressing, but if that qualified as putting a mental condition 'in controversy,' courts would be ordering mental exams all the time, which is inconsistent with the 'discriminating application' required by Rule 35.").

As to the "good cause" requirement, several factors may be considered in

determining whether good cause has been shown: "(1) the possibility of obtaining desired information by other means; (2) whether plaintiff plans to prove her claim through testimony of expert witnesses; (3) whether the desired materials are relevant; and (4) whether plaintiff claims ongoing emotional distress." *Flack*, 333 F.R.D. at 513 (citing *Gavin v. Hilton Worldwide, Inc.*, 291 F.R.D. 161, 165 (N.D. Cal. 2013)).

## III. DISCUSSION

The Court finds that Defendants have made the appropriate showings to meet both the "in controversy" and "good cause" requirements. Plaintiffs placed Plaintiff RH's mental condition in controversy by asserting a claim for intentional infliction of emotional distress ("IIED"). (Doc. 30 at 37). Plaintiffs also seek compensatory damages based on Plaintiff RH's "severe emotional distress, shock, horror, fright, and psychological trauma" and "physical manifestations of the emotional distress that she has suffered, including but not limited to, PTSD, anxiety and suicidal ideation," and economic damages relating to medical and therapeutic expenses Plaintiffs have and will incur in the future. (*Id.* at 20, 24). The fact that Plaintiffs allege an IIED claim alone is likely enough to warrant a Rule 35 examination; the fact that Plaintiffs' alleged injuries and damages arise almost entirely out of the severe emotional distress Plaintiff RH suffered only *further* places her mental condition in controversy in this case.

Additionally, the Court finds that good cause exists. First, as Plaintiffs did not respond to Defendants' Motion, the Court is unable to determine how Defendants would otherwise obtain information regarding Plaintiff RH's mental condition.[1] To that end, the Court is unaware if Plaintiffs plan to prove their claims through the testimony of expert witnesses, and Plaintiffs made no argument against this Motion on that basis. Next, the present mental state of Plaintiff RH is clearly relevant, given the nature of the allegations and claims against Defendants. Finally, as Plaintiffs claim that "Plaintiff RH has suffered

---

[1] Under LRCiv 7.2(i), a failure to timely respond to a motion "may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." Thus, the Court may deem Plaintiffs' failure to respond as consent to the Motion.

physical harm, as well as severe emotional distress, and will continue to suffer such injuries for an indefinite period in the future" and seek future medical and therapeutic expenses, Plaintiffs claim ongoing emotional distress. (Doc. 30 at 20). The Court finds that good cause exists for a Rule 35 examination.

Lastly, the Court finds it appropriate for Plaintiff RH's parents, Plaintiffs Darin and Karen Hookom, to participate in a portion of the clinical interview and questionnaires. (Doc. 70 at 2). Plaintiffs Darin and Karen Hookom are parties to this action and, as Plaintiff RH's parents, likely have relevant background information about Plaintiff RH that may be necessary to conduct a reasonable examination of Plaintiff RH. *See T.B. ex rel. G.B. v. Chico Unified Sch. Dist.*, CIV S-07-0926-GEBCMK, 2009 WL 837468, at *3 (E.D. Cal. Mar. 26, 2009) (requiring non-party parent to participate in minor's mental examination to provide relevant background information on the minor and their condition). Thus, the Court will require Plaintiffs Darin and Karen Hookom to participate in the examination to the extent their assistance is necessary for licensed psychologist Dr. Susan Cave to conduct a reasonable examination of Plaintiff RH.

### IV.     CONCLUSION

In sum, the Court finds that Defendants have shown Plaintiff RH's mental condition to be in controversy and that good cause exists for a Rule 35 examination, and Plaintiffs have made no argument opposing an examination. Accordingly,

**IT IS ORDERED** that Defendants' Motion for Mental Examination of Plaintiff RH (Doc. 70) and Motion for Summary Adjudication (Doc. 72) are **granted**.

**IT IS FURTHER ORDERED** that Plaintiffs shall appear for, and that Plaintiff RH shall submit to, a mental examination with Dr. Susan Cave, on Tuesday, June 10, 2025 at 10:00 a.m. at Griffin Group International, 3200 East Camelback Road, Suite 177, Phoenix, Arizona, 85018 or at another location agreed upon by the parties. Plaintiffs Darin and Karen Hookom shall participate in the examination to the extent their assistance is necessary for licensed psychologist Dr. Susan Cave to conduct a reasonable examination of Plaintiff RH.

**IT IS FURTHER ORDERED** that Defendants shall provide a copy of this Order to Dr. Cave prior to the mental examination.

**IT IS FURTHER ORDERED** that Dr. Cave shall prepare a written report that sets out in detail her findings, including any diagnoses, conclusions, and the results of any tests. The Court notes that copies of the detailed written report must be made available to Plaintiff RH upon her request.

Dated this 28th day of May, 2025.

Honorable Steven P. Logan
United States District Judge